UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ALLCO RENEWABLE ENERGY LIMITED,     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action
                                    )   No. 15-13515-PBS
MASSACHUSETTS ELECTRIC CO. D/B/A    )
NATIONAL GRID; ANGELA M. O'CONNOR;  )
JOLETTE A. WESTBROOK; and ROBERT    )
HAYDEN, in their individual         )
capacities and in their official    )
capacities as Commissioners of the  )
Massachusetts Department of Public  )
Utilities; and JUDITH JUDSON, in    )
her individual capacity and her     )
official capacity as Commissioner   )
of the Massachusetts Department of  )
Energy Resources,                   )
                                    )
            Defendants.             )
_____)

## INVITATION FOR BRIEFING TO THE FEDERAL ENERGY REGULATORY COMMISSION

May 11, 2016

Saris, C.J.

The Court invites the Federal Energy Regulatory Commission (FERC) to submit an *amicus curiae* brief in Allco Renewable Energy Ltd. v. Massachusetts Electric Co., Case No. 1:15-cv-13515-PBS. At issue are the Massachusetts Department of Public Utilities (MDPU) regulations codified at 220 Mass. Code Regs. 8.00, which state in relevant part:

> Qualifying Facilities that have a design capacity of one MW or greater shall have their output metered and purchased at rates equal to the payments received by the

1

>     Distribution Company from the ISO power exchange for
>     such output for the hours in which the Qualifying
>     Facility generated electricity in excess of its
>     requirements.

220 Mass. Code Regs. 8.05(2)(a). The Court invites FERC's views regarding whether this provision conflicts with FERC's regulations implementing the Public Utility Regulatory Policies Act (PURPA), 16 U.S.C. § 824a-3, codified at 18 C.F.R. § 292.304, in the context of a state with retail competition.

Currently before the Court is Allco's summary judgment motion (Docket. No. 50) and National Grid's motion to dismiss (Docket No. 27). The issues presented by these motions include:

- Does section 210 of PURPA, 16 U.S.C. § 824a-3, and/or FERC's implementing regulations, 18 C.F.R. § 292.304(d), preempt the MDPU's regulations, 220 Mass. Code Regs. 8.03-8.05, which only allow for a contract with a minimum specified term of 30 days at the ISO-New England spot market price?

- Does Allco have the right under federal law to select a long-term, forecasted avoided-cost rate as opposed to an as-available, short-run avoided-cost rate, based on the ISO-New England spot market price?

- If so, is the term of the legally enforceable obligation equal to the term for which Allco's qualifying facilities commit to supply their electricity to National Grid or can the State specify a shorter term?

- Does National Grid have a direct obligation to purchase from Allco's qualifying facilities under federal law, independent of Massachusetts's implementation of PURPA?

- If so, does PURPA grant qualifying facilities, including Allco, a private cause of action directly against National Grid, such that Allco can bring suit against National Grid for violating PURPA and FERC's implementing regulations?

2

FERC is invited to review the documents filed on the docket for this case, all of which are accessible through the Court's Electronic Case Filing (ECF) system. Information on the ECF system is available at http://www.mad.uscourts.gov/.

FERC may submit an *amicus* brief of unlimited length on the issues by June 27, 2016. The Court requests that FERC submit its *amicus* brief electronically using the ECF system.

IT IS SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge